# Exhibit A

CIRCUIT CIVIL
# CASE SUMMARY
## CASE NO. 2018-010351-CA-01

| DeAdjua Snelson<br>vs<br>Wal-Mart Stores East, LP d/b/a Wal-Mart #5671 | § § § § § | Location: Circuit Civil<br>Judicial Officer: (Section, CA 34)<br>Filed on: 03/30/2018<br>State Case Number: 132018CA010351000001 |
|---|---|---|

| CASE INFORMATION | |
|---|---|
| Case Type: | Discrimination - Employment or Other |
| Case Flags: | Jury Trial |

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number  2018-010351-CA-01<br>Court  Circuit Civil<br>Date Assigned  03/30/2018<br>Judicial Officer  (Section, CA 34) |

| PARTY INFORMATION | | |
|---|---|---|
| | | *Lead Attorneys* |
| Plaintiff | Snelson, DeAdjua | Chad E Levy<br>*Retained*<br>954-763-5722(W) |
| Defendant | Wal-Mart Stores East, LP d/b/a Wal-Mart #5671 | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/12/2018 | Waiver: | Index # 4 |
| 03/30/2018 | Complaint | Index # 2 |
| 03/30/2018 | Civil Cover | Index # 1 |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Plaintiff** Snelson, DeAdjua | |
| | Total Charges | 401.00 |
| | Total Payments and Credits | 401.00 |
| | **Balance Due as of 4/23/2018** | **0.00** |

Filing # 70061373 E-Filed 03/30/2018 05:47:09 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>DeAdjua Snelson</u>
Plaintiff
          vs.
<u>Wal-Mart Stores East, LP d/b/a Wal-Mart #5671</u>
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

1

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Chad E. Levy      FL Bar No.: 851701
    Attorney or party                                                                 (Bar number, if attorney)

    Chad E. Levy    03/30/2018
    (Type or print name)                                                              Date

Filing # 70061373 E-Filed 03/30/2018 05:47:09 PM

IN THE CIRCUIT COURT OF THE<br>11TH JUDICIAL CIRCUIT IN AND<br>FOR MIAMI-DADE COUNTY, FLORIDA

DE'ADJUA SNELSON,    CASE NO.:

    Plaintiff,

vs.

WAL-MART STORES EAST, LP
d/b/a WAL-MART #5671,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DE'ADJUA SNELSON ("Plaintiff"), by and through her undersigned counsel, sues Defendant, WAL-MART STORES EAST, LP d/b/a WAL-MART #5671, ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is a proceeding for damages to remedy discrimination on the basis of gender affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act of 1992, Florida Statutes §760, et seq. ("FCRA").

### JURISDICTION

2. Jurisdiction is invoked pursuant to the FCRA.

### VENUE

3. The claims asserted herein arose in this judicial circuit.

## PARTIES

4. At all times material hereto, the Plaintiff was a female citizen of the United States, resident of this judicial circuit and an employee or former employee of the Defendant.

5. At all times material hereto, the Defendant was a Corporation doing business and services in this judicial circuit, was the employer or former employer of the Plaintiff, and is an employer as defined by the FCRA.

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the FCRA.

## STATEMENT OF FACTS

7. The Plaintiff was an employee of the Defendant, on August 10, 2015, as an Asset Protection Associate and was a satisfactory employee for the Defendant.

8. Plaintiff is a homosexual female that dresses in men's clothing.

9. Based upon this atypical gender appearance, her supervisor had informed her that she needed to change her dress appearance, to which Plaintiff refused and continued about her duties.

10. Plaintiff experienced harassment from other employees as well. In fact, in October of 2016, Plaintiff began to have issues with two men she worked with in loss prevention.

11. She would hear them say things about her appearance and would report it to her supervisor, who would just laugh it off.

12. Later that same month, on October 23, 2016, Plaintiff was called into the office and told that she was being let go for attendance.

13. However, the policy states that a person is allowed 9 call outs and she had only 8 call outs.

14. Yet, Plaintiff's points for absences had been changed as October 13, 2016 had not been previously been marked off, yet popped up after Plaintiff had clocked out 11 minutes early on October 20, 2016 to avoid overtime.

15. This clock out pushed Plaintiff over the top for the points policy, despite Plaintiff still being within the rules.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT OF 1992-GENDER CONFORMITY

Plaintiff incorporates by reference paragraphs 1 through 16 herein and states as follows:

17. The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment because of her failure to adhere to gender conformity.

18. The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

19. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, DE'ADJUA SNELSON, requests that judgment be entered against the Defendant for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: March 29, 2018.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　Law Offices of Levy & Levy, P.A.
　　　　　　　　　　　　　　　　　　　　　1000 Sawgrass Corporate Parkway, Suite 588
　　　　　　　　　　　　　　　　　　　　　Sunrise, Florida 33323
　　　　　　　　　　　　　　　　　　　　　Telephone: (954) 763-5722
　　　　　　　　　　　　　　　　　　　　　Facsimile: (954) 763-5723
　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　*/s/ Chad Levy*
　　　　　　　　　　　　　　　　　　　　　CHAD E. LEVY, ESQ.
　　　　　　　　　　　　　　　　　　　　　chad@levylevylaw.com
　　　　　　　　　　　　　　　　　　　　　Secondary: assistant@levylevylaw.com
　　　　　　　　　　　　　　　　　　　　　F.B.N.: 0851701
　　　　　　　　　　　　　　　　　　　　　DAVID M. COZAD, ESQ.
　　　　　　　　　　　　　　　　　　　　　david@levylevylaw.com
　　　　　　　　　　　　　　　　　　　　　F.B.N.: 333920

Filing # 70624515 E-Filed 04/12/2018 01:30:24 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

DE'ADJUA SNELSON,

       Plaintiff,

CASE NO.: 2018-010351-CA-01

vs.

WAL-MART STORES EAST, LP
d/b/a WAL-MART #5671,

       Defendant.
_____/

## WAIVER OF SERVICE OF SUMMONS

TO:   Chad E. Levy, Esq.
       Law Offices of Levy & Levy, P.A.
       1000 Sawgrass Corporate Parkway
       Suite 588
       Sunrise, Florida 33323

I acknowledge receipt of your request that I waive service of a summons addressed to WAL-MART STORES EAST, LP d/b/a WAL-MART #5671, in the above styled case. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 1.070.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

1

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

April 12, 2018
Date

Signature

Printed/typed name:   Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
Samantha Dunton-Gallagher, Esq.
Florida Bar No. 105100
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
jabeckerman@littler.com
sdunton@littler.com

* Duty to Avoid Unnecessary Costs of Service of Summons
Rule 1.070(i) of the Florida Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if they summons had been actually served when the request for waiver of service was received.

Firmwide:154010160.1 999999.2022

2